**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
RUBEN ALBERTO,                      :
                                    :   Civil Action No. 06-1723 (FLW)
           Petitioner,              :
                                    :
      v.                            :       **O P I N I O N**
                                    :
UNITED STATES DEPARTMENT OF         :
HOMELAND SECURITY, et al.,          :
                                    :
           Respondents.             :
_____ :


**APPEARANCES:**

Ruben Alberto, Pro Se
#996205
CRAF- Cadre Unit
P.O. Box 7450
West Trenton, NJ 08628

John Andrew Ruymann
Assistant United States Attorney
Office of the United States Attorney
402 East State Street, Room 430
Trenton, NJ 08608
Attorney for Respondents

**WOLFSON, District Judge**

On April 11, 2006, Petitioner submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  The

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a

respondents are the United States Department of Homeland Security ("USDHS"); Andrea J. Quarantillo, the District Director; and Joseph Rizzo, the warden of CRAF where Petitioner is being detained.  On August 1, 2006, Respondents filed an Answer to the Petition.  On August 2, 2006, Petitioner filed a motion for pro bono counsel.

The Court has considered all submissions.  For the following reasons, the Petition will be dismissed.  Petitioner's motion for counsel will be denied.

## BACKGROUND

Petitioner is a native and citizen of Cuba, who became a legal permanent United States resident in 1974.  Due to various New Jersey criminal convictions, Petitioner was ordered removed on April 22, 1998.  The BIA dismissed his appeal of the removal order on January 6, 1999.  Petitioner received various Orders of Supervision between 1998 and 2004.

In December of 2005, Petitioner received a four-year sentence of incarceration after pleading guilty to various state law crimes.  He is currently incarcerated pursuant to that state criminal conviction.  On March 2, 2006, the USDHS filed a detainer with the State of New Jersey in order to be notified in advance of Petitioner's release date from state custody.

---

prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

Petitioner seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, stating that: (1) he is "in custody" because there is a detainer issued against him; (2) there is an error on his Order of Supervision which resulted in him not receiving proper documentation; and (3) he is in detention without cause because it is impossible to remove him to Cuba, his native country.

## ANALYSIS

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). That section states that the writ will not be extended to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

First, to the extent that Petitioner seeks to challenge the detainer lodged against him by the USDHS, the Court finds that Petitioner has raised this issue in a previous habeas petition,

which was dismissed on April 3, 2006.  See <u>Alberto v. USDHS, et al.</u>, Civil Case No. 06-547 (JAP)(dismissing Petitioner's challenges to detainer because Petitioner, incarcerated by the state for criminal convictions, was not "in custody" for purposes of habeas review, or, alternatively, because the lodging of the detainer does not violate due process).  Therefore, for the reasons set forth in the previous Opinion, Petitioner's challenges to the detainer are dismissed.

Second, this Court lacks jurisdiction over any claims asserted by Petitioner which seek to challenge his underlying removal order, pursuant to the REAL ID Act.  See 8 U.S.C. § 1252(a)(5)(stating "Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision . . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, . . . .").  Petitioner must raise any claims challenging his removal to the BICE or the appropriate Court of Appeals.

Third, to the extent that Petitioner cannot be removed to Cuba, the Court finds that the issue is not ripe for adjudication, since Petitioner is currently incarcerated under state law pursuant to a state judgment.  The USDHS cannot attempt

4

to remove Petitioner to Cuba until he completes his state criminal sentence, or is granted parole from the sentence.  Thus, whether or not Petitioner can be removed to Cuba upon release, is an issue to be resolved at that time, when Petitioner is in USDHS custody.  See, e.g., Zadvydas v. Davis, 533 U.S. 678 (2001)(governing post-removal order detention).

Fourth, to the extent that Petitioner seeks to correct his Order of Supervision, he cannot do so in this Court, but rather must utilize the USDHS/BICE administrative process.  To the extent that the Order of Supervision concerns Petitioner's previous custody or release procedures prior to his present incarceration, Petitioner cannot challenge the Order in the instant petition.  The Order of Supervision is granted or denied by discretion of the government.  The Order of Supervision, on its face, does not violate any of Petitioner's constitutional rights.

Finally, a review of the record demonstrates that Petitioner is not "in custody in violation of the Constitution or laws or treaties of the United States" to warrant habeas relief.  See 28 U.S.C. § 2241(c)(3).  Therefore, the instant petition will be dismissed.

Petitioner asserts in his motion for counsel that he seeks appointment of an attorney to deal with the errors in his Order of Supervision and to "litigate several mistakes" made by the

USDHS with regard to his Order of Supervision.  As it has been determined that this Court does not have jurisdiction over these claims, Petitioner's motion will be denied.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, will be dismissed. Petitioner's motion for counsel will be denied.  An appropriate Order accompanies this Opinion.


                                    s/Freda L. Wolfson
                                    FREDA L. WOLFSON
                                    United States District Judge

Dated: September 19, 2006